UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-02507-AHM (RZx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | FELICE CRESCENZO V. WELLS FARGO BANK NA et al | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys NOT Present for Plaintiffs:           Attorneys NOT Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Plaintiff Felice Crescenzo filed this wrongful foreclosure suit against Defendants Wells Fargo Bank, Defendant Regional Trustee Services Corporation, and Ricardo, Maria, and Monserrat Moran, the subsequent buyers of Crescenzo's residence. The Court previously dismissed most of Plaintiff's causes of action. The Court ruled, however, that Plaintiff had stated a valid claim for wrongful foreclosure under California Civil Code § 2924(g). Defendant Wells Fargo now moves for summary judgment on that claim.[1] For the reasons stated below, the Court GRANTS Wells Fargo's motion.

## I.     FACTS

In April 2008, Crescenzo obtained a refinance loan in the amount of $450,000 from Wachovia Mortgage, Wells Fargo's predecessor. (Statement of Undisputed Facts ¶ 1 ("SUF") (Dkt. 54-1).) The terms of the loan were memorialized in a promissory note and secured by a deed of trust against real property located at 5127 San Rafael Avenue, Los Angeles, California. (SUF ¶ 1.) Wachovia Mortgage was subsequently acquired by Defendant Wells Fargo. (SUF ¶ 1A.)

Plaintiff stopped making payments on the loan in December 2008. (SUF 2; Hehir Decl. Exh. 3 (Plaintiff's Response to Interrogatories) at 2.) On January 3, 2011, Defendant Regional Trustee Services Corporation ("Regional")—the trustee under the deed of trust–posted and recorded a Notice of Trustee's Sale, which noticed the sale for January 24, 2011. (SUF ¶ 4.) Shortly after receiving the Notice of Trustee Sale, Plaintiff submitted a loan modification application to Wells Fargo. Crescenzo was informed that

---

[1] Dkt. 54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-02507-AHM (RZx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | FELICE CRESCENZO V. WELLS FARGO BANK NA et al | | |

the sale would be automatically postponed while review of his loan modification application was pending. (SUF ¶ 5.)

On January 24, 2011, the noticed date of sale, at the entrance of the Norwalk courthouse of the Los Angeles Superior Court, an auctioneer announced the postponement of the trustee's sale to February 24, 2011. (SUF ¶ 6.) On February 24, 2011, at the entrance of the Norwalk courthouse, an auctioneer again announced the postponement of the trustee sale, this time to March 30, 2011. (SUF ¶ 7.)

In a declaration, auctioneer Brenda Mitchell attests that on March 30, 2011, at the entrance of the Norwalk courthouse, she announced that the sale would be postponed until May 2, 2011. (Mitchell Decl. (Dkt. 54-4) ¶¶ 1-2). Mitchell's declaration is corroborated on this point by a Certificate of Postponement issued by LPS Agency Sales & Posting, Mitchell's employer and a company to which Regional outsources the posting, publication, and announcement of trustee sales. (Hjorten Decl. (Dkt. 54-3) ¶ 3, Exh. E.)[2]

Crescenzo disputes Mitchell's testimony and contends that the March 30, 2011, sale date had been cancelled earlier that month. (SGI ¶ 8.) Crescenzo's attorney, Bruce Lorman, declares that on March 16, 2011, a Wells Fargo employee named "Odette," who worked in the foreclosure department, informed him that there was no sale date pending. (Lorman Decl. (Dkt. 64-2) ¶ 9.) Crescenzo also points to Wells Fargo internal documents produced during discovery that confirm Lorman's account of the March 16 phone call. (Lorman Decl. Exh. 1-2; Exh. 9 at 17.) Moreover, Lorman states that, although he saw the March 30 sale date listed on Regional's website prior to March 16, the website did not list any pending sale date when he visited the website after March 16. (Lorman Decl. ¶ 12.) Crescenzo has not, however, submitted any evidence to directly refute Mitchell's account that she announced the postponement of the sale on March 30.

On April 26, 2011, Wells Fargo informed Crescenzo that his loan modification application had been denied and that the foreclosure process, which according to Wells Fargo had been "suspended" pending review of his application, would "now resume." (SUF ¶ 10.) On May 2, 2011, at proceedings at the entrance of the Norwalk courthouse, an auctioneer announced that the sale would be further postponed until May 31, 2011.

---

[2] The Certificate of Postponement does not indicate whether it was produced at the time of the March 30, 2011 postponement or whether it was created at a later date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-02507-AHM (RZx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | FELICE CRESCENZO V. WELLS FARGO BANK NA et al | | |

(SUF ¶ 11.)[3]

On or about May 26, 2011, counsel for Wells Fargo informed Crescenzo that it planned for the May 31, 2011 trustee sale to go forward as scheduled. (SUF ¶ 12.) At Crescenzo's request, Wells Fargo asked the trustee to postpone the sale for one more week. (SUF ¶ 13). As requested, on May 31, 2011, the auctioneer announced that the sale would be postponed until June 7, 2011. (SUF ¶ 14.)

Crescenzo then filed an application for a temporary restraining order before this Court, seeking to stop the sale. (Dkt. 14.) This Court denied that application. (Dkt. 16.) The trustee sale was held as scheduled on June 7, 2011, and Wells Fargo made the winning bid to purchase the house for $385,014. (SUF ¶ 22). According to Wells Fargo, the house was valued at $475,000 at the time of the trustee sale. (SUF ¶ 21.) Nine months after it purchased the home at the trustee sale, Wells Fargo sold the house to Ricardo, Maria, and Monserrat Moran–all named as defendants in this action–for $464,000. (SUF ¶ 24.)

## II.   APPLICABLE STANDARDS

Federal Rule of Civil Procedure 56 provides for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. " The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-

---

[3] Crescenzo disputes this, asserting that (in his view) there was no sale scheduled for March 30 (that date having been cancelled as of March 16). He asserts that "[t]he dates supposedly announced after the March 30 cancellation are void and not credible" and that "[t]here was no Notice of Sale ever recorded for May 2, 2011." But he does not point to any evidence to suggest that the announcement of postponement did not occur, other than the evidence that Wells Fargo told his attorney in March that there was no sale date pending. (SGI ¶ 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-02507-AHM (RZx) | | Date | February 11, 2013 |
|---|---|---|---|---|
| Title | FELICE CRESCENZO V. WELLS FARGO BANK NA et al | | | |

moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## III.  ANALYSIS

Crescenzo's sole remaining claim is that Wells Fargo failed to comply with the notice requirements for non-judicial foreclosures under California law. A non-judicial foreclosure or "trustee sale" must be preceded by an official notice of sale. Cal. Civ. Code § 2924f. A sale may be postponed at the discretion of the trustee. § 2924g(c)(1)(D). Each postponement must be publicly announced along with the following requirements:

> The notice of each postponement and the reason therefor shall be given by public declaration by the trustee at the time and place last appointed for sale. A public declaration of postponement shall also set forth the new date, time, and place of sale and the place of sale shall be the same place as originally fixed by the trustee for the sale. No other notice of postponement need be given.

§ 2924g(d). Crescenzo's theory of the case is that the March 30, 2011 proceeding was cancelled on or about March 16, 2011 in violation of § 2924g(d), which broke the chain of postponements dating from the January 24, 2011 date announced in the published notice. In Crescenzo's view, this supposed break between the requisite official notice of sale and the eventual June 7 trustee sale required that a new notice of sale be issued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-02507-AHM (RZx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | FELICE CRESCENZO V. WELLS FARGO BANK NA et al | | |

before the house was sold. Because no such notice was issued, Crescenzo contends that the sale was invalid.

  Crescenzo's contention that the alleged cancellation of the March 30 sale violated § 2924g(d) is susceptible to two interpretations. First, Crescenzo's filings can be construed as arguing that the Wells Fargo's employee's March 16, 2011 statement to Lorman that no sale was pending constituted a violation of § 2924g(d) in and of itself, regardless of whether the sale was properly and publicly postponed on March 30, 2011. The Court rejects this argument. The text of § 2924g(d) addresses only the public pronouncement of postponements. The text of the statute does not say anything about private communications between the mortgagor and the mortgagee. Moreover, Crescenzo has not cited any authority for the proposition that a lender's employee's statement made in an informal telephone conversation, which could be construed to mean that the foreclosure sale had been cancelled, undermines the lender's otherwise valid compliance with the public-pronouncement requirements of § 2924g(d). Odette's statement to Lorman may have been incorrect or even misleading. But based on the statutory language of that provision and the absence of any case law to the contrary, this Court holds that Wells Fargo did not violate § 2924g(d) merely because an employee told Crescenzo's attorney that the March 30, 2011 sale had been cancelled.

  Crescenzo's filings can also be read as arguing that the supposed cancellation of the March 30 sale as of March 16 is evidence that Wells Fargo failed to publicly announce the postponement of the sale on March 30, in violation of the express terms of § 2924g(d). To this contention, Wells Fargo responds that Crescenzo has not submitted evidence that would entitle a rational trier of fact to conclude that Mitchell did not publicly announce the postponement of the sale on March 30. Viewing all the evidence in Crescenzo's favor, this Court agrees with Wells Fargo that Crescenzo has not proffered enough evidence to create a genuine dispute on this point.

  As noted above, in a sworn declaration, auctioneer Brenda Mitchell attests that, on March 30, 2011 at the entrance to the Norwalk courthouse, she announced that the trustee sale would be postponed until May 2, 2011. (Mitchell Decl. ¶ 1-2.) Her testimony is corroborated by a Certificate of Postponement issued by her employer, LPS Agency Sales & Posting. (Hjorten Decl. Exh. E at 16.) Wells Fargo points out that Crescenzo has not submitted any evidence that directly refutes or contradicts Mitchell's declaration or the Certificate of Postponement.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-02507-AHM (RZx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | FELICE CRESCENZO V. WELLS FARGO BANK NA et al | | |

However, Crescenzo nevertheless contends there is a genuine dispute as to whether Mitchell's account is accurate. First, he points to the evidence that on March 16, 2011, a Wells Fargo employee named "Odette" told his attorney that "there was no sale date pending." (Lorman Decl ¶ 9.) He also points to the internal Wells Fargo documents suggesting that Lorman was given this information. (Lorman Decl. Exh. 1-2.)

Second, Crescenzo points to evidence suggesting that the March 30 sale date was removed from Regional's website sometime around March 16. (Lorman Decl. ¶ 16.) In his declaration, Lorman asserts that in a deposition Deborah Kaufman, Regional's Vice President of Operations, testified that "if the property in issue in this case was not listed on the Regional Trustee website as of March 16, 2011, and no foreclosure date was listed for that property on the Regional Trustee website at the time, then no sale date existed."(Lorman Decl. ¶ 16.) However, in a declaration submitted with Wells Fargo's reply, Kaufman attests that the feature that lists pending sale dates on the website "is provided merely as a convenience and is not intended to be, nor is it dispositive, of whether a sale has been scheduled." (Kaufman Reply Decl. ¶ 3.) Kaufman further attests that the sale was "never cancelled," and that if it were, there would have been a notation in the system maintained by LPS Agency Sales & Posting, and there was no such notation. (*Id.* ¶ 5.) [4]

The Court concludes that the evidence of the supposed cancellation is insufficient to create a genuine issue of material fact as to whether Mitchell publicly announced the postponement of the trustee sale on March 30. Crescenzo's indirect evidence demonstrates, at most, that as of March 16, Regional had removed the March 30 sale on a website that was part of their business procedures and forms, but is not mandated by statute. This evidence, showing the absence of an entry two weeks before the direct evidence that the March 30 postponement in fact took place, does not genuinely call that evidence into question.

---

[4] In a supplemental declaration he filed less than two business days before the hearing, and after Kaufman's Reply Declaration was filed, Lorman includes for the first time excerpts from the Kaufman deposition. (Dkt. 70.) Based on the excerpts of that deposition, Lorman's previous characterization is accurate on this point. Wells Fargo has objected to Lorman's supplemental declaration as untimely. (Dkt. 71.) The Court need not resolve this dispute, as it concludes that summary judgment is warranted even if it were to credit the late-filed deposition testimony or Lorman's previous characterization of it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-02507-AHM (RZx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | FELICE CRESCENZO V. WELLS FARGO BANK NA et al | | |

    As noted, Kaufman testified at her deposition that if no sale date appeared on Regional's website, no sale date existed. (Lorman Supp. Decl. Exh. 1 at 22). But Kaufman also stated–in a declaration that has been submitted to the Court–that an entry on the website "is not dispositive" of whether a sale date is pending. In short, the absence of the March 30 sale date on the Regional Website on or about March 16 does not genuinely place into dispute the evidence that the March 30 public postponement actually occurred as scheduled. *See Anderson*, 477 U.S. at 252 (holding that "the mere existence of a scintilla of evidence" is insufficient to defeat a motion for summary judgment).

    The other evidence relied on by Crescenzo merely shows that "Odette" informed Lorman that, as of March 16, "there was no sale date pending." (Lorman Decl. ¶ 9.) Wells Fargo's internal documents use the same language. (Lorman Decl. Exh. 1-2.) Lorman and Crescenzo might have reasonably understood that vague comment to mean that the March 30 date had been cancelled. However, at a deposition Wells Fargo official Michael Dolan testified that Wells Fargo would not consider a sale date to be pending unless the trustee was actually planning to go through with a sale. (Hehir Reply Decl. Exh. A at 4-5.) In other words, so long as further postponements were planned–as they were while Wells Fargo evaluated Crescenzo's loan modification application–Wells Fargo would consider there to be "no sale date pending," even if there was a scheduled date on which the trustee planned to announce a postponement. Thus, Odette's statement that there was "no sale date pending" as of March 16 does not establish that, as of that date, the March 30 sale date had been cancelled. A fact finder would have to pile inference upon inference to conclude that her March 16 statement that there was "no sale date pending" is evidence that the March 30 announcement of postponement did not take place at all.

    Finally, even were one to consider the equities, it is undisputed that Crescenzo had actual notice of Wells Fargo's plans to eventually go through with the trustee sale on May 31. Indeed, he was granted an additional one-week postponement so that he could apply for a temporary restraining order to halt the sale. This Court held that his application lacked merit and allowed the sale to go forward. Equity would not dictate that despite these developments Crescenzo should be allowed to set aside the sale based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-02507-AHM (RZx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | FELICE CRESCENZO V. WELLS FARGO BANK NA et al | | |

on his unproven claim of a technical violation of California notice requirements.[5]

**IV.   CONCLUSION**

Because Wells Fargo has demonstrated that Crescenzo has failed to make a showing sufficient to establish that the defendants did not comply with the requirements of California Civil Code § 2924g, the Court grants Wells Fargo's motion for summary judgment.

As acknowledged by Crescenzo's attorney at the hearing on this motion, the grant of summary judgment resolves all of the remaining claims in this case. The Moran defendants have been sued only because they are the current holders of the deeds on the property. Crescenzo did not object to a Declaration of Non-Monetary Status filed by Defendants Regional Trustee Services Corporation and Regional Services Corporation in the Los Angeles Superior Court prior to removal. Wells Fargo Home Mortgage, Inc., is named as a defendant along with Wells Fargo, N.A., but the former is a division of the latter, not a separate entity. Accordingly, Wells Fargo shall file a [Proposed] Judgment by February 14, 2013.

:

Initials of Preparer        SMO

---

[5] Because it grants Wells Fargo's motion, the Court need not address Wells Fargo's objections to Crescenzo's evidence. (*See* Dkt. 67-4.)